IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00007-MR-WCM

| | |
|---|---|
| TERRENCE A. THOMAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF THE TREASURY, ) <br> *Internal Revenue Service*, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on a "Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Response to Motion for Preliminary Injunction" (the "Motion to Dismiss," Doc. 9) filed by Defendant and a Motion for Preliminary Injunction (Doc. 4) filed by Plaintiff. Both Motions have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I.  Background

On January 9, 2023, Terrence A. Thomas ("Plaintiff") filed his *pro se* Complaint against the Department of the Treasury, Internal Revenue Service (the "IRS" or "Defendant"). Doc. 1. The Complaint seeks an Order requiring Defendant to issue three Economic Impact Payments, as authorized by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 26 U.S.C. §

1

6428(a)(1); the Consolidated Appropriations Act of 2021 (CAA), 26 U.S.C. § 6428A(a)(1); and the American Rescue Plan Act (ARPA), 26 U.S.C. § 6428B.

Also on January 9, Plaintiff filed the Motion for Preliminary Injunction seeking an Order directing that the payments be made immediately. Doc. 4.

On March 24, 2023, Defendant filed the Motion to Dismiss.[1] Doc. 9.

The Motions are fully briefed and are ripe for ruling. Docs. 11, 12.

## II. Legal Standard

A motion to dismiss made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses whether the court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is a threshold question that relates to the power of the court to hear a case and must be resolved before a court addresses the merits of a case." Cap. Associated Indus., Inc. v. Cooper, 129 F.Supp.3d 281, 299 (M.D.N.C. 2015) (citing Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479-80 (4th Cir. 2005)).

When a case or controversy has become moot, a court lacks subject matter jurisdiction. Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017) ("When a case or controversy ceases to exist—either due to a change in the facts or the law—the litigation is moot, and the court's subject matter jurisdiction ceases

---

[1] Defendant's Memorandum in support of its Motion to Dismiss also addressed Plaintiff's Motion for Preliminary Injunction. Doc. 9-1 at 7-8.

to exist also") (quotation omitted); Catawba Riverkeeper Foundation v. North Carolina Department of Transportation, 843 F.3d 583, 588 (4th Cir. 2016); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (per curiam) (stating that federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them").

III. Discussion

A. Motion to Dismiss

Plaintiff alleges that the CARES Act, CAA, and ARPA required, respectively, per person payments of $1,200.00 (the "$1200 Payment"), $600.00 (the "$600 Payment"), and $1,400.00 (the "$1400 Payment") (collectively, "Stimulus Payments"), but that, as of the filing of the Complaint and despite making the necessary filings with the IRS related to his income and eligibility, Plaintiff had not received any of the Stimulus Payments.[2]

Defendant asserts that Plaintiff's claims with respect to the $1200 Payment and the $600 Payment are moot. In support of this position,

---

[2] Plaintiff cites 42 U.S.C. § 1983 and the First, Sixth, and Fourteenth Amendments to the United States Constitution in his Complaint. However, Section 1983 applies only to state actors acting under color of state law. Tun-Cos v. Perrotte, 922 F.3d 514, 520 (4th Cir. 2019); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998); see also Byers v. Rettig, 1:22-cv-00126-MR, 2022 WL 3205184, at *2 (W.D.N.C. Aug. 8, 2022).

3

Defendant submits an IRS Account Transcript showing these two Stimulus Payments were distributed to Plaintiff on April 15, 2021.[3] Doc. 9-2 at 2.

In response, Plaintiff acknowledges that he received the first two Stimulus Payments but argues his suit should proceed because it was filed before he received those Stimulus Payments. He further states that his 2021 tax return was filed, such that he is entitled to the $1400 Payment. See Doc. 11.

In its reply, Defendant now acknowledges that Plaintiff filed his 2021 tax return, but states that Defendant did not see a record of this filing until April 2023 due to processing delays. Defendant attaches an updated IRS Account Transcript to its reply, which shows that a refund was issued to Plaintiff on April 14, 2023 for $1,431.64, representing the $1400 Payment plus interest. Doc. 12-1.

Plaintiff has not sought leave to file a surreply and has not otherwise challenged Defendant's statements regarding the $1400 Payment.

"Article III limits the jurisdiction of federal courts to cases and controversies." Catawba Riverkeeper Foundation v. North Carolina

---

[3] The IRS Account Transcript may be considered in connection with the Motion to Dismiss. See e.g., Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (stating that courts may take judicial notice of matters of public record, documents attached to the complaint, and documents attached to the motion to dismiss so long as they are integral to the complaint and authentic).

Department of Transportation, 843 F.3d 583, 588 (4th Cir. 2016) (citing U.S. Const. art. III, § 2, cl.1.). "The doctrine of mootness originates in Article III's 'case' or 'controversy' language." Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006)) (internal quotation marks omitted). "[E]ven if a plaintiff has standing when he or she files a complaint, subsequent events can moot the claim." Catawba Riverkeeper Foundation, 843 F.3d at 588 (quoting Pashby v. Delia, 709 F.3d 307, 316 (4th Cir. 2013)).

"A case can become moot either due to a change in factual circumstances, or due to a change in the law." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir. 2011) (quoting BankWest, Inc., v. Baker, 446 F.3d 1358, 1364 (11th Cir. 2006) (alteration marks, internal quotation marks, and ellipses omitted)). "Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." Id. (quoting Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002)) (alteration in Simmons).

Here, Plaintiff filed his Complaint seeking to obtain the three Stimulus Payments. However, as Plaintiff has now received the Payments, Plaintiff's claims are moot. Docs. 9-2, 12-1. See Wilkins v. U.S. Dept. of Treasury (I.R.S), No. 7:21-cv-00428, 2023 WL 2482974, at *3 (W.D. Va. March 13, 2023) (dismissing claims for stimulus payments as moot where plaintiff had received

5
Case 1:23-cv-00007-MR-WCM    Document 13    Filed 07/14/23    Page 5 of 7

those payments) (citing Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1190 (11th Cir. 2011) (holding that full payment of requested refund mooted taxpayer's claim)).

### B. Motion for Preliminary Injunction

For the same reason, Plaintiff's request for an injunction requiring Defendant to make the Stimulus Payments is also moot.

Therefore, the undersigned will recommend this matter be dismissed without prejudice for lack of subject matter jurisdiction. See Howell v. United States, No. 5:14-CV-00898-F, 2015 WL 7459848, at *3 (E.D.N.C. Nov. 14, 2015) ("Because the court finds that it lacks [subject matter jurisdiction] to hear this case, all other pending motions are moot.").

## IV. Recommendation

The undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction (Doc. 4) be **DENIED AS MOOT**, that Defendants' Motion to Dismiss (Doc. 9) be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Signed: July 14, 2023

W. Carleton Metcalf
United States Magistrate Judge

<u>**Time for Objections**</u>

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See <u>Thomas v. Arn</u>, 474 U.S. 140, 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).